IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT OFFICE

| | |
|---|---|
| **GREGORY HERMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )  **JURY TRIAL DEMANDED** |
| **NATIONWIDE CREDIT SERVICES** | ) |
| **D/B/A NCS,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the plaintiff, GREGORY HERMAN, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, NATIONWIDE CREDIT SERVICES d/b/a NCS, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. GREGORY HERMAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Canton, County of Wayne, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Advance Cash Services (hereinafter, "the Debt").

6. The Debt was from a payday loan, the funds from which were used primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. NATIONWIDE CREDIT SERVICES D/B/A NCS, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant's principal place of business is located in the State of South Carolina.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. Starting in or around September 2014, Defendant started placing multiple telephone calls to Plaintiff's parents in an attempt to collect the Debt.

15. During the course of the aforementioned telephone calls placed by Defendant to Plaintiff's parents, Defendant's representative failed to state that they were calling to confirm or correct location information for Plaintiff.

16. During the course of the aforementioned telephone calls to Plaintiff's parents, Defendant's representative disclosed the name of Defendant despite not being expressly requested to do so.

17. During the course of the aforementioned telephone calls to Plaintiff's parents, Defendant disclosed that it was a debt collector and that Plaintiff owed a debt.

18. Plaintiff's parents did not request that they be contacted by Defendant and requested Defendant to stop calling them.

19. Despite Plaintiff's parents multiple requests that Defendant stop calling them, Defendant has continued to initiate multiple telephone calls to Plaintiff's parents in an attempt to collect the Debt from Plaintiff.

20. Plaintiff has not authorized Defendant to communicate with third-parties.

21. On or about October 12, 2014, Defendant engaged in a telephone call with Plaintiff. Plaintiff spoke with a representative of Defendant who identified herself as Kayla Brown. Defendant failed to advise Plaintiff that she was a debt collector, that she was attempting to collect a debt and that any information obtained would be used for that purpose.

22. On or about October 12, 2014, during the course of the aforementioned telephone call between Defendant and Plaintiff, Defendant stated that Defendant was a legal process server and that a lawsuit had been filed against Plaintiff in an attempt to collect the Debt.

23. Defendant further stated that it was contacting Plaintiff because it intended to have him served with process.

24. Defendant has not filed a lawsuit against Plaintiff for the Debt.

25. No lawsuit has been filed against Plaintiff for the Debt.

26. The aforementioned representation had the effect of conveying to Plaintiff that a lawsuit had been filed against him.

27. Defendant's representations, as delineated above, were false, deceptive and misleading given that no lawsuit has been filed against him for the Debt.

28. Defendant's representations, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that no lawsuit has been filed against Plaintiff for the Debt.

29. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the Debt, the name of the creditor to whom the Debt is owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the debt collector.

30. In its attempts to collect the debt allegedly owed by Plaintiff Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

b. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

f. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

31. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

32. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GREGORY HERMAN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

           Respectfully submitted,
           **GREGORY HERMAN**

         By: s/ David M. Marco
           Attorney for Plaintiff

Dated: February 19, 2015

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com